# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>CARLOS MORALES,<br>　　　　　　　　　　Defendant. | CASE NO. 12CR549WQH<br>CASE NO. 12CV2697WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for time reduction by an inmate in federal custody under 28 U.S.C. § 2255. (ECF No. 28).

On February 15, 2012, Defendant in this case was charged in an indictment with one count of importation of methamphetamine in violation of 21 U.S.C. § 952 and 960 and one count of importation of cocaine in violation of 21 U.S.C. § 952 and 960. (ECF No. 1).

On May 10, 2012, the Defendant entered a plea of guilty before the Magistrate Judge to both counts of the indictment with no plea agreement. (ECF No. 14).

On May 25, 2012, this Court accepted the Defendant's plea of guilty to both counts in the indictment. (ECF No. 17).

At the time of sentencing, the Government recommended an adjusted offense level of 26 and a resulting guideline range of 63-78 months. (ECF No. 20). The Government recommended a sentence of 63 months, the low end of the guideline range. (ECF No. 20). Defendant recommended an adjusted offense level of 22 and a resulting guideline range of 41-

1  51 months. (ECF No. 24).   Defendant recommended a sentence of 41 months.  (ECF No. 24).
2  The Court imposed a sentence of 41 months and advised the Defendant of his appeal rights.
3  (ECF No. 27 at 2).  No appeal was filed.

4  On November 2, 2012, Defendant moved the Court pursuant to 28 U.S.C.§ 2255 for a
5  reduction of his sentence on the following grounds: 1) the Attorney General could offer up to
6  two points downward departure if the defendant accepts a final deportation order, and 2) he
7  cannot be housed in a minimum security facility or a Community Correctional Center because
8  of his deportation status.  (ECF No. 28).

## RULING OF THE COURT

10  28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act
11  of Congress claiming the right to be released upon the ground that the sentence was imposed
12  in violation of the Constitution or laws of the United States, or that the court was without
13  jurisdiction to impose such sentence, or that the sentence was in excess of the maximum
14  authorized by law, or is otherwise subject to collateral attack, may move the court which
15  imposed the sentence to vacate, set aside or correct the sentence."  A district court must
16  summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached
17  exhibits, and the record of prior proceedings that the moving party is not entitled to relief."
18  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts.
19  When this standard is satisfied, neither a hearing nor a response from the government is
20  required.  *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

21  Defendant presents no grounds for relief under Section 2255. The Sentencing Reform
22  Act gives the Bureau of Prisons the responsibility to "designate the place of the prisoner's
23  imprisonment."  18 U.S.C. § 3621(b).  *See United States v. Cubillos*, 91 F.3d 1342, 1344-45
24  (9th Cir. 1996).  The Court of Appeals for the Ninth Circuit has rejected the assertion that an
25  alien's equal protection rights are violated when he cannot be housed in a minimum security
26  facility or a community correction center based upon his deportation status.  *See McClean v.
27  Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999).  In addition, the United States Attorney
28  General was not required to offer the Defendant a downward departure on the grounds that he

1 accepted a final deportation order.[1]  The Court finds that the issues raised in the petition are
2 appropriate for summary disposition.
3      IT IS HEREBY ORDERED that the motion for time reduction by an inmate in federal
4 custody under 28 U.S.C. § 2255 (ECF No. 28) filed by the Defendant is denied.
5 DATED: November 14, 2012

                                          **WILLIAM Q. HAYES**
                                          United States District Judge

---

[1] Defendant entered a plea of guilty without a plea agreement and there is no evidence in this record that the Defendant accepted a final deportation order.